UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-350-2-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMORIS THOMPSON SINCLAIR, | ) | |
| Defendant. | ) | |

This matter is before the court on motion of the Government for an order directing all references to the defendant, "originally identified in this case as DEMORIS THOMPSON SINCLAIR," to be "changed to DEMORIS SINCLAIR THOMPSON." Motion [DE-10] p. 1. According to the docket sheet, the defendant has not been arrested, and the warrant issued for his arrest is consistent with the Indictment in naming "DEMORIS THOMPSON SINCLAIR."

The Government did not identify the authority under which it seeks to change the name of the defendant in the documents of record, but the court perceives that the Government would contend that it seeks only to correct the clerical error that transposed the defendant's middle and last names. *Cf. United States v. Dowdell*, 595 F.3d 50, 67 (1st Cir. 2010) (observing that the "prohibition [against amendment of an indictment] does not extend to alterations that are 'merely a matter of form' " (quoting *Russell v. United States*, 369 U.S. 749, 770 (1962))).

The defendant not yet having been arrested, the court lacks the benefit of the defense position on the motion. *See generally United States v. Denny*, 165 F.2d 668 (7th Cir. 1948) (noting that common law "long ago recognized that the body of an indictment could not be amended," but affirming requested amendment where the identity of the accused was not in question; amendment only corrected a typographical error in spelling of last name, did not change the nature of the offense charged, and did not prejudice the defendant's substantial

rights); *cf. Daughtery v. United States*, Civ. No. 2:08-CV-00295, Crim. No. 2:05-CR-213, 2009 WL 1874105 (S.D. W. Va. June 29, 2009) (denying post-conviction relief where defendant insisted indictment upon which he was convicted misspelled his name, where he failed to demonstrate the error resulted in prejudice). While the Federal Rules of Criminal Procedure expressly permit the amendment of an *Information* "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced," Rule 7(e), FED. R. CRIM. P., the Rules contain no such provision for an Indictment.

The Indictment [DE-1] at issue was returned by the grand jury on November 16, 2011. The record now before the court contains no elaboration supporting the Government's request and the court, of course, lacks input from the defendant who has not been arrested. In the interests of justice and of creating a full record, the Government's Motion for Change of Name [DE-10] is DENIED WITHOUT PREJUDICE to renew it when the defendant makes his initial appearance.

SO ORDERED.

This, the __3__ day of November, 2011.

JAMES C. FOX
Senior United States District Judge

2