IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-350-F-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| DEMORIS SINCLAIR THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 4 January 2012 for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, a friend of defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was charged by superseding indictment on 21 December 2011 with the following offenses allegedly occurring on or about 28 March 2011: conspiracy to possess with intent to distribute and to distribute a quantity of marijuana in violation of 21 U.S.C. § 846 (ct. 1); possession with intent to distribute a quantity of marijuana, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 2); and possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (ct.

3).  Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government.  In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following:  the strength of the government's case against him; his central role in the robbery and shooting to which the instant charges relate; his criminal history; the absence of a suitable third-party custodial arrangement; and the other findings and reasons stated in open court.  The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of January 2012.

_____
James E. Gates
United States Magistrate Judge